BRIAN B. BOYNTON
Principal Deputy Assistant Attorney General
ARUN G. RAO
Deputy Assistant Attorney General
AMANDA N. LISKAMM
Director
ROGER J. GURAL
Senior Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
450 Fifth Street, N.W., Suite 6400S
Washington, D.C. 20001
Tel: 202-307-0174
Email: roger.gural@usdoj.gov

PHILLIP A. TALBERT
United States Attorney
EMILIA P. E. MORRIS
Assistant United States Attorney
Robert E. Coyle United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Tel: (559) 497-4084
Email: Emilia.Morris@usdoj.gov

Attorneys for Plaintiff
United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ORGANIC PASTURES DAIRY COMPANY, LLC, a corporation, and MARK McAFEE, an individual,<br><br>　　　　　Defendants. | Case No.: 1:08-CV-01786-JLT-SAB<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO ENFORCE DECREE**<br><br>HEARING DATE: May 24, 2024<br>TIME: 9:00 AM<br>PLACE: Courtroom 6, Fresno<br>JUDGE: Hon. Jennifer L. Thurston |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 24th, at 9:00 a.m., or as soon thereafter as the matter may be heard, pursuant to the Court's April 20, 2010 Order in this Action (ECF No. 48) ("April 2010 Order"), and the parties' Consent Decree of Permanent Injunction in this Action, which the Court entered as an order on July 26, 2023 (ECF No. 67) ("Consent Decree"): Plaintiff the United States of America hereby moves this Court to enforce the Consent Decree. A Memorandum of Points and Authorities in Support of this Motion is attached herewith.

On April 20, 2010, this Court entered an order permanently enjoining RAW FARM, LLC f/k/a Organic Pastures Dairy Company, LLC ("Raw Farm") and Mark McAfee (collectively, "Defendants"), as well as all associated persons from, *inter alia*, distributing in interstate commerce (1) unapproved new drugs, (2) misbranded food, and (3) raw milk and raw milk products for human consumption except where alternative procedures to pasteurization are permitted by regulation.  See April 2010 Order, ECF No. 48, at 23-24; 21 C.F.R. § 1240.61 (promulgated pursuant to 42 U.S.C. § 264(a)). On March 27, 2023, the United States filed a Petition alleging clear and convincing evidence of Raw Farm's contempt of the April 2010 Order (ECF No. 50-1). On May 19, 2023, the Court granted the United States' Petition, finding that Defendants and Raw Farm's President, Aaron McAfee, "[u]ndisputedly" violated the April 2010 Order (ECF No. 62). On July 26, 2023, the Parties filed a stipulation and proposed order jointly agreeing and stipulating to entry of a Consent Decree of Permanent Injunction as a final settlement of the dispute raised in the Petition, pursuant to Court approval. ECF No. 66.  On July 26, 2023, the Court entered the proposed order and Consent Decree. ECF No. 67.

As further detailed in the United States' concurrently filed Memorandum in Support, in the short time frame since the entry of the Consent Decree, there have been two multistate outbreaks of foodborne illnesses linked to Raw Farm's raw milk and raw milk cheddar cheese, where at least 162 people have become ill. Following the first outbreak—an October 2023 multistate outbreak of *Salmonella* Typhimurium linked to Raw Farm's raw milk—the U.S. Food and Drug Administration ("FDA") inspected Raw Farm's facilities. In February 2024, the Centers for Disease Control and Prevention and FDA jointly began an investigation into a second outbreak – a


separate multistate outbreak of *E. coli* O157:H7 that was linked to Raw Farm's raw milk cheddar cheese. On March 1, 2024, based on a determination that Raw Farm was distributing adulterated cheese in interstate commerce in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), FDA issued Defendants and Aaron McAfee a Letter Order, pursuant to Paragraph 7 of the Consent Decree, directing them to take a number of narrowly-tailored and science-based corrective actions. The corrective actions included, among other things, measures to ensure that any adulterated cheese in interstate commerce is recalled and destroyed and that Defendants and Aaron McAfee cease distributing adulterated cheese in interstate commerce, including an order to conduct and submit the results of their internal audit demonstrating that they have not distributed any adulterated cheese in interstate commerce. Yet, despite multiple requests, Raw Farm has not provided adequate responses nor committed to comply with the agency's orders.

As shown in the United States' concurrently filed Memorandum in Support, clear and convincing evidence exists of Raw Farm's noncompliance with the FDCA, as well as Paragraphs 7 and 8 of the Consent Decree. Paragraph 7 of the Consent Decree provides that "[i]f, at any time after this Decree has been entered, FDA determines, based on the results of an inspection, . . . or any other information, that Defendants have . . . violated the FDCA, . . . FDA may, as and when it deems necessary, notify Defendants in writing of their noncompliance and order them to take appropriate corrective actions, including, but not limited to . . . [c]ease receiving, manufacturing, preparing, processing, packing, labeling, holding, and/or distributing any or all food or drugs" (¶ 7(A)), "[r]ecall, at the expense of Defendants . . . any [ ] FDA-regulated product otherwise in violation of . . . the FDCA" (¶ 7(B)), "[s]ubmit [ ] reports or information to FDA as requested" (¶ 7(D)), and "[t]ake any other corrective actions as FDA, in its discretion, deems necessary to protect the public health or bring Defendants into compliance with . . . the FDCA" (¶ 7(F)). Paragraph 8 of the Consent Decree provides that Defendants "shall immediately and fully comply with the terms of [FDA's] order[s]."

This motion is filed pursuant to the Court's express retention of jurisdiction (i) over the Defendants' compliance with the terms of the April 2010 Order and the Consent Decree and (ii) to

grant such additional relief as may be necessary or appropriate.[1] Paragraph 2(N) of the April 2010 Order provides that "[t]his Court retains jurisdiction" over the action and the parties to this case "to issue such further decrees and orders as may be necessary to enforce or modify this Order and for granting such other relief as may be necessary and appropriate for the proper disposition of this case." ECF No. 48 at 29. Similarly, Paragraph 15 of the Consent Decree states that "[t]his Court retains jurisdiction over this action and Defendants for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary or appropriate." ECF No. 67, Ex. A at 7.

Based upon Defendants' violations of the FDCA and the Consent Decree described in the United States' Memorandum in Support, Plaintiff asks this Court to enforce the terms of the Consent Decree and enter the Proposed Order submitted with this motion as relief.

Date: April 19, 2024

BRIAN B. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
ARUN G. RAO
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director
Consumer Protection Branch
 /s/ Roger Gural
Roger Gural
Senior Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
450 Fifth Street, N.W., Suite 6400S
Washington, D.C. 20001
Tel: 202-307-0174
Email: roger.gural@usdoj.gov
Counsel for the United States of America

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

/s/ Emilia P. E. Morris
EMILIA P. E. MORRIS
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of California
Counsel for the United States of America

---

[1] Paragraph 2 of the Consent Decree states that "[t]he April 2010 Order remains in full force and effect with respect to Defendants and their directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with them (collectively, 'Associated Persons')." ECF No. 67, Ex. A at 1. Paragraph 3 of the Consent Decree states that "Defendants and their Associated Persons shall comply with all of the provisions of this Decree." *Id.*, Ex. A at 2.

- 4 -

OF COUNSEL:

MARK RAZA
Chief Counsel
U.S. Food and Drug Administration

SHANNON SINGLETON
Deputy Chief Counsel, Litigation
U.S. Food and Drug Administration

ELIZABETH TETER-GOSSMANN
Associate Chief Counsel for Enforcement
U.S. Department of Health and Human Services
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993

**CERTIFICATE OF SERVICE BY U.S. MAIL**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers:

That on April 19, 2024, she served a copy of:

**PLAINTIFF UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO ENFORCE THE DECREE; and [PROPOSED] ORDER ON UNITED STATES' MOTION TO ENFORCE THE CONSENT DECREE**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Fresno, California;

**Addressee(s):**

Mark R. Figueiredo
Structure Law Group, LLP
1754 Technology Drive, Suite 135
San Jose, CA 95110
(408) 441-7500

*/s/ Marcela Vasquez*
Marcela Vasquez