| | |
|---|---|
| 1 | BRIAN B. BOYNTON<br>Principal Deputy Assistant Attorney General |
| 2 | ARUN G. RAO<br>Deputy Assistant Attorney General |
| 3 | AMANDA N. LISKAMM<br>Director |
| 4 | ROGER J. GURAL<br>Senior Trial Attorney |
| 5 | U.S. Department of Justice<br>Consumer Protection Branch |
| 6 | 450 Fifth Street, N.W., Suite 6400S<br>Washington, D.C. 20001 |
| 7 | Tel: 202-307-0174<br>Email: roger.gural@usdoj.gov |
| 8 | |
| 9 | PHILLIP A. TALBERT<br>United States Attorney |
| 10 | EMILIA P. E. MORRIS<br>Assistant United States Attorney |
| 11 | Robert E. Coyle United States Courthouse<br>2500 Tulare Street, Suite 4401 |
| 12 | Fresno, CA 93721<br>Tel: (559) 497-4084 |
| 13 | Email: Emilia.Morris@usdoj.gov |
| 14 | Attorneys for Plaintiff<br>United States of America |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:08-CV-01786-JLT-SAB |
| Plaintiff, | ) ) ) | **REPLY IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO REOPEN CASE** |
| vs. | ) ) | |
| ORGANIC PASTURES DAIRY COMPANY, LLC, a corporation, and MARK McAFEE, an individual, | ) ) ) ) | HEARING DATE: May 24, 2024<br>TIME: 9:30 AM<br>PLACE: Courtroom 6, Fresno<br>JUDGE: Hon. Jennifer L. Thurston |
| Defendants. | ) ) ) ) ) ) | |

1   On July 26, 2023, the parties entered into a Consent Decree ("Decree") to resolve Raw Farm's[1] prior Federal Food, Drug, and Cosmetic Act ("FDCA") violations and their contempt of the permanent injunction issued by the Court in 2010, ECF No. 48 (the "April 2010 Order") (ECF No. 66.) On the same day, this Court approved and entered the Decree as a final resolution of the dispute (ECF No. 67.) The Decree is enforceable as a judicial decree subject to the rules generally applicable to other judgments and decrees. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 378 (1992). The parties explicitly agreed in the Decree that future violations of the FDCA, the Decree, or the April 2010 Order may be addressed by a process in which FDA would notify Raw Farm in writing of the violations and order them to take appropriate corrective actions (ECF No. 67 at ¶ 7.) The parties also agreed that Raw Farm would immediately and fully comply with FDA's orders issued pursuant to the Decree. (*Id.* at ¶ 8.)

Therefore, Raw Farm's recent post-Decree violations of the FDCA that led to FDA issuing its Letter Order of March 1, 2024, and which are the subject of the pending Motion (ECF No. 69) fall squarely within the four corners of the Decree. These violations do not, as Raw Farm argues, require the government to bring "new claims" subject to "challenges" and "discovery." (*See* Opp. at 2 (ECF No. 77)). Instead, this Court "has the inherent authority to enforce compliance that it has entered in an order, to hold parties in contempt for violating the terms therein, and to modify a decree." *See Nehmer v. U.S. Dep't of Veterans Affairs*, 494 F.3d 846, 860 (9th Cir. 2007); *see also Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004) ("Federal courts are not reduced to approving consent decrees and hoping for compliance. Once entered, a consent decree may be enforced."). In fact, the type of summary enforcement the United States is requesting here finds support in both the "'high judicial favor' accorded the voluntary settlement of disputes," and "the efficiency of having one court see litigation through to its conclusion, thereby avoiding duplication of effort." *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (citing *Autera v. Robinson*, 419 F.2d 1197, 1199, 1200 n.10 (D.C. Cir.1969)); *Dacanay v. Mendoza*, 573 F.2d 1075,

---

[1] For ease of reading, the United States uses "Raw Farm" herein to refer to Defendant RAW FARM, LLC; Defendant Mark McAfee; and RAW FARM, LLC's President, Aaron McAfee, who is an "Associated Person" bound by the terms of the 2010 Permanent Injunction and 2023 Consent Decree in this case. *See* Consent Decree, ECF No. 67, ¶¶ 2–3.

- 1 -
REPLY IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO REOPEN CASE


1078 (9th Cir. 1978).

Further, as the Decree is clear and there is no dispute among the parties as to its meaning, the interpretation of the Decree should not stand in the way of summary enforcement of its terms. *Cf Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."). Finally, this Court's jurisdiction to summarily enforce the Decree through resolution of the pending Motion is proper, as the Court expressly retained jurisdiction over Raw Farm's compliance with the terms of the April 2010 Order and the Decree and to grant additional relief. (April 2010 Order at ¶ 2(N) (ECF No. 48) (this Court retaining jurisdiction over the action and the parties to this case "to issue such further decrees and orders as may be necessary to enforce or modify this Order and for granting such other relief as may be necessary and appropriate for the proper disposition of this case"); Decree ¶ 15 (stating "[t]his Court retains jurisdiction over this action and Defendants for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary or appropriate").) *See also Jeff D. v. Kempthorne*, 365 F.3d 844, 853 (9th Cir. 2004); *Flanagan v. Arnaiz*, 143 F.3d 540, 544 (9th Cir. 1998) (holding that enforcement of a settlement agreement requires its own basis for jurisdiction, which may be supplied by a provision retaining jurisdiction over the agreement).

For the reasons cited above, the United States respectfully moves the Court to reopen the case and to summarily enforce the terms of the Decree as outlined in the United States' Motion to Enforce the Decree (ECF No. 69).

Date: May 20, 2024

BRIAN B. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director
Consumer Protection Branch

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

 /s/ Emilia P. E. Morris

EMILIA P. E. MORRIS
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of California
Counsel for the United States of America

 /s/ Roger Gural_____

Roger Gural
Senior Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
450 Fifth Street, N.W., Suite 6400S
Washington, D.C. 20001
Tel: 202-307-0174
Email: roger.gural@usdoj.gov
Counsel for the United States of America


OF COUNSEL:

MARK RAZA
Chief Counsel
U.S. Food and Drug Administration

SHANNON SINGLETON
Deputy Chief Counsel, Litigation
U.S. Food and Drug Administration

ELIZABETH TETER-GOSSMANN
Associate Chief Counsel for Enforcement
U.S. Department of Health and Human Services
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993

# CERTIFICATE OF SERVICE BY U.S. MAIL

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers:

That on May 20, 2024, she served a copy of:

**REPLY IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO REOPEN CASE**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Fresno, California;

**Addressee(s):**

Mark R. Figueiredo
Structure Law Group, LLP
1754 Technology Drive, Suite 135
San Jose, CA 95110
(408) 441-7500

and by serving the following individuals via email through the Court's ECF system:

Mark Figueiredo
mrf@structurelaw.com

/s/ *Marcela Vasquez*
Marcela Vasquez